bury Madison, et al., LLP, Los Angeles, CA, for Appellants.

Before: KOZINSKI and W. FLETCHER, Circuit Judges, and HOLLAND,\* District Judge.

### MEMORANDUM \*\*

The district court correctly held that the bankruptcy court had no authority to modify the unambiguous terms of the settlement by extending the term of appellants' option without appellee's consent. The negotiated settlement specified consecutive thirty-day options to accept assignment of the Parks Agreement, and provided that modifications to the settlement agreement had to be approved by both parties. The bankruptcy court's extension of appellants' option period was a material modification of the settlement, and thus beyond the bankruptcy court's authority under Fed. R.Civ.P. 60(b) or Fed. R. Bank. P. 9006(b). The bankruptcy court did not utilize the procedures for modifying a confirmed plan. *See* 11 U.S.C. § 1127.

The district court also correctly held that the bankruptcy court could not equitably excuse appellants' failure to exercise their option on time. Option contracts are strictly construed, and "negligent failure to give the required written notice" is an insufficient reason to modify the terms of the options negotiated in the settlement agreement. *Host Int'l, Inc. v. Summa*

---

\* The Honorable H. Russel Holland, Senior United States District Judge for the District of Alaska, sitting by designation.

\*\* This disposition is not appropriate for publication and may not be cited to or by the

*Corp.,* 94 Nev. 572, 583 P.2d 1080, 1082 (1978) (per curiam).

**AFFIRMED.**

**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Timothy Paul DANIELSON, Defendant—Appellant.**

**No. 03–30238.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 9, 2006.\*

Decided Jan. 18, 2006.

Annette L. Hayes, Esq., Seattle, WA, for Plaintiff–Appellee.

Jordan Gross, Esq., Yarmuth Wilsdon Calfo, PLLC, Seattle, WA, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN and SILVERMAN, Circuit Judges.

---

courts of this circuit except as provided by 9th Cir. R. 36–3.

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Timothy Paul Danielson appeals the district court's order revoking supervised release and imposing sentence.

We dismiss for lack of jurisdiction. *See United States v. Palomba*, 182 F.3d 1121, 1123 (9th Cir.1999) (stating that a defendant lacks standing to challenge a completed sentence); *see also Spencer v. Kemna*, 523 U.S. 1, 14, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (holding that revocation of parole does not create collateral consequences sufficient to extend standing beyond expiration of sentence and rejecting as moot a challenge to an allegedly erroneous parole revocation).

Counsel's motion to withdraw is **GRANTED**. The appeal is **DISMISSED**.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

